UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BARDY NGUYEN,                           )
                                        )
                    Plaintiff,          )   No. C06-0951RSL
                                        )
        v.                              )   ORDER DENYING PLAINTIFF'S
                                        )   MOTION FOR RECONSIDERATION
COMMUNITY HEALTH CARE                   )   OR RELIEF FROM JUDGMENT OR
CLINIC (RENTON),                        )   ORDER
                                        )
                    Defendant.          )
_____)

This matter comes before the Court on plaintiff's filing styled as: "Cause; Reverse the Dismissal As the Defendants Have Chosen to Mediate the Case" (Dkt. #25). The Court considers plaintiff's one-paragraph filing as both: (1) a motion for reconsideration of the Court's December 29, 2006 order (Dkt. #23) and judgment (Dkt. #24) dismissing plaintiff's claims; and (2) a motion for relief from judgment or order under Fed. R. Civ. P. 60.

First, motions for reconsideration are disfavored in this district, and the "court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not met her burden under this rule. In her motion, plaintiff asserts that she "was never informed by the courts [sic] that there was a hearing to dismiss my case. I was suppose [sic] to know." See

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
OR RELIEF FROM JUDGMENT OR ORDER

Motion at 1.  However, the Court is not persuaded by this assertion given that plaintiff responded to defendant's motion to dismiss on October 23, 2006.  <u>See</u> Dkt. #15 ("Response to Dismiss").  Furthermore, the Court concludes that there is no support for plaintiff's claim that "The defendants has [sic] already agreed and signed paperwork to go to mediation the first week in February 07 and the case was to be settled this way."  <u>See</u> Motion at 1.  As part of her motion, plaintiff attached a copy of the parties' November, 2006 Joint Status Report and Discovery Plan including plaintiff's handwritten note stating that "Because of needing ongoing medical [sic] [mediation] [s]hould be set up Feb. 07 1st week."  <u>See</u> Motion at 3.  The fact that the parties selected mediation in their Joint Status Report as the desired alternative dispute resolution process under Local Civil Rule 39.1 did not, however, create an obligation to resolve the dispute by mediation.  <u>See, e.g.</u>, Local Civil Rule 39.1(a)(6) ("No party shall be bound by anything done or said during such [ADR] proceedings unless a settlement or other agreement is reached.").  Because plaintiff has not shown manifest error in the Court's December 29, 2006 order dismissing her case or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence" plaintiff's filing is denied as a motion for reconsideration.

Plaintiff has also not met any of the six categories under Fed. R. Civ. P. 60(b) for relief from the judgment or the order of dismissal in this case.  In her motion, plaintiff has not shown:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered . . . ; (3) fraud . . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Accordingly, plaintiff's filing is denied as a motion for relief from judgment or order under Fed. R. Civ. P. 60.

For all of the foregoing reasons, plaintiff's motion to "Reverse the Dismissal as the

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
OR RELIEF FROM JUDGMENT OR ORDER         -2-

Defendants Have Chosen to Mediate the Case" (Dkt. #25) is DENIED.

DATED this 2nd day of February, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
OR RELIEF FROM JUDGMENT OR ORDER        -3-